Dear Mayor Jordan:
This office is in receipt of your request for an opinion of the Attorney General in regard to an appointment to fill the unexpired term of the Elected Chief of Police in the Village of Florien. You indicate you have been informed from various sources that even though he was appointed, he was appointed to an elective position to which he would be entitled to the rights and privileges thereof. Accordingly, you ask the following questions:
 1. Is a chief of police who has been appointed to fulfill an unexpired term of an elected chief of police in a Lawrason Act municipality, or until an election can be held, entitled to all of the rights and privileges that go with the office, as opposed to being considered an appointed chief and therefore be under the direct supervision of the mayor.
You further relate that the person serving as the temporary chief has been denied supplemental pay by the Department of Public Safety on the grounds that he was appointed to the job and not elected. You note that one of the rights and privileges of an elected chief of police is that he is automatically entitled to supplemental pay from the day that he takes office. Therefore, you feel if the answer to the first question is yes, then your chief is unjustly being denied his supplemental pay.
We find Atty. Gen. Op. 86-589 pertinent to your request. In that opinion the question was presented regarding the mayor's authority to control the expenditures of the police department or control the chief of police's use of police department funds. In response it was noted that R.S. 33:404 gives the mayor authority to supervise all municipal departments "other than a police department with an elected chief of police." This office then concluded as follows:
 Although the present chief of police for the Town of Abita Springs was appointed, he was appointed to fill a vacancy created in an elective position. Therefore he occupies the position of an elective chief of police and is governed by those provisions which control those police departments with an elected chief of police. Thus, his department is not subject to the supervision and control of the mayor. Instead, it is the chief of police who has supervision and control of the police department. In accordance with this, he has the inherent authority to operate, control and administer police department property and personnel.
In regard to your second inquiry, R.S. 33:2218.2 is relative to state compensation to be paid in addition to the compensation paid by any municipality to any police officer "who devotes his full working time to law enforcement" and "for those hired after March 31, 1986, who have completed and passed a council-certified training program as provided in R.S. 40:2405".
Additionally, R.S. 33:2218.2 (8)(c) provides as follows:
 Notwithstanding any other provisions of this Section to the contrary, any person who is sworn in as an elected marshal of a municipality or tribe on January 1, 1997, or thereafter, shall, immediately upon taking office, be eligible to receive such supplemental compensation as provided by Subsection A of this Section, if such person meets the POST certification requirements provided by R.S. 40:2405. The effective date for beginning such supplemental compensation shall be the date on which such person is sworn into office, if the certification requirements have been completed within the periods stipulated in R.S. 40:2405 (A) or (E).
In Atty. Gen. Op. 98-102 this office noted that the Municipal Police Officers' Supplemental Pay Board or Review had determined that chiefs of police did not have to be POST certified in order to receive supplemental pay. With reliance upon Atty. Gen. Op. 96-474, this office observed that while "peace officer" as set forth in R.S. 40:2401 did not include an elected or appointed chief of police for purposes of requiring POST certification, R.S.33:2218.2 that governs eligibility for state supplemental benefits makes no such exception. Therein it was stated as follows:
 While you may be exempt from certification requirements for purposes of LAS-R.S. 40:2401 et seq., you remain ineligible for supplemental pay benefits unless you have met the requirements of law as provided in LSA-R.S. 33:2218.2
 Therefore, it appears this office has decided contrary to the Board's conclusion referenced by you that chiefs of police did not have to be POST certified in order to receive supplemental pay.
In Atty. Gen. Ops. 99-88 and 99-40 this office recognized that entitlement of an elected chief of police to state supplemental pay was under consideration by the legislature which would delete "POST" certification as no longer a threshold requirement for an elected chief of police to be eligible to receive supplemental pay, and were awaiting the outcome of the session for the issue to be settled.
Having checked the Acts of this 2001 session, we find R.S.33:2218.2(C) still provides that any person who is sworn in as an elected marshal of a municipality shall be immediately eligible upon taking office to receive supplemental compensation "if such person meets the POST certification requirements provided by R.S. 44:2405."
In accordance with the statutory provisions as set forth herein, a chief of police is ineligible for supplemental pay benefits unless the requirements of the R.S. 33:2218.1 are met, and that mandates that extra compensation applies to any police officer who had "completed and passed a council certified training program as provided in LAS R.S 40:2405". Therefore, your statement is incorrect wherein you declare, "As we all know, one of the rights and privileges of an elected chief of police is that he is automatically entitled to supplemental pay from the day that he takes office." He must also meet the POST certification requirement and is then entitled to supplemental pay.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date received:
Date Released: August 22, 2001